IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CARL E. WATSON[1]          )
                           )
   v.                      )    NO: 3:16-0719
                           )
MDHA/HUD, et al.           )

TO: Honorable Waverly D. Crenshaw, Jr., District Judge

# REPORT AND RECOMMENDATION

By Order entered May 18, 2016 (Docket No. 16), the Court referred this *pro se* action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

For the reasons set forth below, the undersigned Magistrate Judge respectfully recommends that Defendants Metropolitan Development & Housing Agency's and James Harbison's Renewed Motion to Dismiss for Insufficient Service of Process (Docket No. 34) and Defendant Vanderbilt University Medical Center's Motion to Dismiss for Insufficient Service of Process (Docket No. 35) be GRANTED and further recommends that this entire action be DISMISSED WITHOUT PREJUDICE.[2]

---

[1] Although Plaintiff filed his original complaint using both his first and middle names, he has subsequently requested that only his middle initial be used in the style of this action. *See* Docket Entry No. 43.

[2] Also pending as a motion is Defendant Vanderbilt University Medical Center's notice of Plaintiff's noncompliance and request for a ruling on its pending motion to dismiss (Docket No. 59), which the undersigned Magistrate Judge further recommends be GRANTED.

Carl E. Watson ("Plaintiff") filed this action *pro se* on April 7, 2016, *see* Complaint (Docket No. 1), and later filed an "amended and corrected" petition on May 16, 2016. *See* Docket No. 15. In a somewhat unclear manner, Plaintiff alleges a variety of claims, including claims for disability discrimination and retaliation under the Americans with Disabilities Act and the Rehabilitation Act, and names various defendants, including the Metropolitan Development and Housing Agency ("MDHA"), MDHA Executive Director James Harbison ("Harbison"), the Vanderbilt University Medical Center ("Vanderbilt"), the United States Department of Housing and Urban Development ("HUD"), the United States Veterans Administration ("VA"), the Metropolitan Government of Nashville and Davidson County ("Metro"), and several judicial courts and municipal agencies. *Id*. By the Order of referral, the Clerk was directed to mail to Plaintiff blank summons for each Defendant, and Plaintiff was advised of his responsibility to effect service of process in accordance with the Federal Rules of Civil Procedure within 90 days after the filing of his complaint. *See* Docket No. 16

In July 2016, Defendant Vanderbilt and Defendants MDHA and Harbison filed separate motions to dismiss based on insufficient service of process, asserting that they had not been served with process in the action. *See* Docket Nos. 34 and 35. Upon his motion, the Court granted Plaintiff an extension of time to September 20, 2016, within which to effect service of process upon Defendants. Plaintiff was specifically advised that his failure to serve Defendants as directed may result in a recommendation that all or some of the Defendants be dismissed. *See* Order entered August 6, 2016 (Docket No. 39). Because of a lack of clarity in Plaintiff's pleadings, the Court also directed Plaintiff to file an amended complaint by August 26, 2016, that clearly and succinctly sets out: 1) his legal claims; 2) the specific Defendants implicated in each claim; and 3) the factual

2

allegations made against each Defendant that support his claims. *Id.* By Order entered August 26, 2016, the Court extended the deadline to file the amended complaint to September 26, 2016. *See* Docket No. 48.

Although Plaintiff thereafter filed several motions and appeals about various matters, *see* Docket Nos. 49-58 and 62-63, he failed to file an amended complaint. The docket also does not reflect that any Defendant has been served with process. Defendant Vanderbilt has filed a request to have its pending motion to dismiss ruled on by the Court. *See* Notice of Noncompliance (Docket No. 59). Although Plaintiff has not responded directly to the notice filed by Defendant Vanderbilt, he has filed a motion for leave of court, the intent of which is not entirely clear but which can be liberally construed as a request for additional time. *See* Docket No. 61.

Rule 4(m) of the Federal Rules of Civil Procedure requires that Defendants be served with process within 90 days of the date this action was filed and provides that, in the absence of a showing of good cause by Plaintiff for why service has not been timely made, the Court "must dismiss" the action without prejudice. Additionally, Rule 16(f)(1) of the Federal Rules of Civil Procedure provides that "on motion or on its own, the Court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . (C) fails to obey a scheduling or other pretrial order." Pursuant to Rule 37(b)(2)(A)(v), the Court may dismiss an action as a sanction.

Plaintiff has twice been specifically advised of his responsibility to timely serve Defendants with process. *See* Orders entered May 18, 2016, and August 8, 2016. The Court has also provided him with an extension of time to September 20, 2016, to fulfill this requirement, and the subsequent passage of time has provided Plaintiff with an effective extension of approximately 70 additional days to fulfill this requirement. However, to date, despite the passage of several months past the

90 day period allowed by Rule 4(m), Plaintiff has not shown that process has been served upon any Defendant in this action. Further, although he has filed a motion for leave, he has not shown good cause for his failure to satisfy this obligation. Accordingly, dismissal of the action under Rule 4(m) is warranted. Plaintiff's failure to comply with the Court's specific directive that he file an amended complaint also warrants a sanction under Rule 16(f). This action is effectively at an impasse because of Plaintiff's conduct, and the Court notes that, despite Plaintiff's failure to serve Defendants with process and to file an amended complaint, he has nonetheless found the time and ability to make numerous other filings in the action. While the Court recognizes Plaintiff's status as a *pro se* litigant requires that he be afforded a certain measure of leniency, this lenient treatment has limits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Plaintiff's *pro se* status does not relieve him from basic procedural obligations. *See Fields v. Cnty. of Lapeera*, 2000 WL 1720727, *2 (6th Cir. Nov. 8, 2000).

## RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge respectfully RECOMMENDS that:

1) the motions to dismiss of the Metropolitan Development and Housing Agency and James Harbison (Docket No. 34) and Vanderbilt University Medical Center (Docket No. 35) be GRANTED; and

2) this action be DISMISSED WITHOUT PREJUDICE in accordance with Rules 4(m) and 16(f)(1) of the Federal Rules of Civil Procedure.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge